MOREHEAD v. GALLINGER & SNODGRASS.

1. STATUTE OF LIMITATIONS: NEW PROMISE. An offer to pay a portion of a demand, by way of a compromise, does not constitute a new promise, within the meaning of the statute of limitations.

*Appeal from Monroe District Court.*

TUESDAY, NOVEMBER 1.

The plaintiff sued for goods sold and delivered. The defendant, Snodgrass only, answered, denying the allegations.

of the petition, and pleading the statute of limitations. The plaintiff replied a new promise. Judgment was rendered for the plaintiff and the defendant appeals.

*Kelsey & Kelsey* for the appellants, cited Par. Mer. L. 180; *Bell* v. *Morrison*, 1 Pet. 351; 2 Par. Contr. 359 *et seq.*; 2 Cow. 523; *Exeter Bank* v. *Sullivan*, 6 N. H. 124; *Kelley* v. *Sanborn*, 9 Ib. 46; *Whipple* v. *Stevens*, 2 Foster 119; *Belote* v. *Wayne*, 7 Yerger 534.

*S. W. Summers*, for the appellee.

WOODWARD, J.—The cause was tried by the court, and the evidence, which was very brief, is contained in the bill of exceptions. The errors relate to the finding of the court upon the facts. The defendant pleaded that the cause of action did not arise within five years before the commencement of the suit, to which the plaintiff replied a new promise. The entire evidence consists of the testimony of Snodgrass, who was called as a witness by the plaintiff; of a letter from him to the plaintiff dated in 1857; and a statement of account dated in 1850, and signed by Gallinger in the firm name of himself and Snodgrass.

The evidence does not support the replication of a new promise. In both the letter and the testimony of Snodgrass, he states that he was in partnership with Gallinger about twenty months, during fourteen of which, he was absent at California, and that he knew nothing of the receipt of the medicines, and had nothing to do with them or about them. But he makes an offer to pay $150.00 by way of compromise.

This offer was clearly and strictly as a compromise, and should not have been considered in evidence. He says he received no benefit from the goods, in fact knew nothing of them, and that he was broken up in his pecuniary affairs by his partner, and makes this offer to procure a settlement. But if received as evidence of a new promise, the judgment should not have been for more than the amount admitted.

There was no evidence upon which to find a new promise, and if we look back to the account stated, it appears to be barred by the statute. And, besides, the plaintiff does not deny the application of the statute in his replication, except by averring a new promise.

The judgment is reversed.